UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT DEWITT McDUFFIE,**

**Plaintiff,**

-vs-                                                                    Case No. 15-cv-826-T-27MAP

**MAJOR FLOWERS, et al.,**

**Defendants.**
_____/

## ORDER

Plaintiff is a pre-trial detainee confined in Falkenburg Road Jail, Tampa, Florida. He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. 2). The Court now must screen the complaint pursuant to 28 U.S.C. § 1915A.

In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A

is, by its terms, a screening process to be applied *sua sponte*.

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted).

The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

## Discussion

Plaintiff's complaint essentially alleges that Defendants have deprived Plaintiff access to the courts by refusing to provide Plaintiff with a copy of the indictment, charging affidavit, and witness statements in his criminal case. As relief, Plaintiff requests: 1) the Court direct the Defendants to

provide him with a copy of the indictment, charging affidavit, and witness statements; and 2) punitive damages (Dkt. 1 at p. 10).

Prisoners have a constitutional right to access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998) (citing *Bounds v. Smith*, 430 U.S. 817, 828, (1977)). The Eleventh Circuit has clearly stated that a plaintiff raising an access-to-court claim "must show actual injury before seeking relief." *Wilson v. Blankenship*, 163 F.3d at 1290. "An inmate may establish an actual injury by demonstrating that officials have frustrated or impeded his efforts to pursue a nonfrivolous claim." *Miller v. Sheriff*, 550 Fed. Appx. 722, 724 (11th Cir. 2013) (unpublished) (citing *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006)). Moreover, "[a] prisoner plaintiff alleging a violation of his right of access to the courts 'must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement.'" *Moulds v. Bullard*, 345 Fed. Appx. 387, 394 (11th Cir.2009) (unpublished) (quoting *Wilson*, 163 F.3d at 1290).

Plaintiff's complaint does not allege facts indicating that Defendants' conduct impeded him from pursuing a nonfrivolous direct or collateral attack on a sentence or a challenge to conditions of confinement. Moreover, because Plaintiff is represented by counsel in his criminal case,[1] he cannot show actual injury as a result of Defendants' actions. *See Wilson*, 163 F.3d at 1291 ("Wilson has failed to show actual legal injury regarding. . .his criminal conviction. . .because he was represented by counsel in that matter. . . ."); *Baity v. Campbell*, 2011 U.S. Dist. LEXIS 90935, 2011

---

[1] The Court takes judicial notice of the Hillsborough County, Florida, Clerk of Court progress docket for Case # 15-cf-002419-A, showing that Plaintiff is represented by appointed counsel. Fed.R.Evid. 201.

WL 3648237, at *2 (N.D. Fla. July 13, 2011) (unpublished) (finding that prisoner's claim for denial of access to a law library was subject to dismissal because he was represented by counsel). Plaintiff therefore has failed to meet the standard for access-to-court claims set forth in *Wilson*. Accordingly, the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

ACCORDINGLY, it is **ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** for failure to state a claim for which relief can be granted (Dkt. 1).

2. Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is **DENIED** as moot.

3. The **Clerk of Court** is directed to enter judgment against Plaintiff and close this case.

**DONE AND ORDERED** at Tampa, Florida, on _April 9th_, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc
Copy to: Plaintiff *pro se*